1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

SHAWN FREED,

                                    Plaintiff,

        v.

JACOB BALLENSKY, *et. al.*,

                                    Defendants.

Case No. 3:23-CV-00417-MMD-CLB

**REPORT AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE[1]**

        Before the Court is Plaintiff Shawn Freed's ("Freed"), application to proceed *in forma pauperis* (ECF No. 1), civil rights complaint, (ECF No. 1-1), and motion for appointment of counsel, (ECF No. 1-2). For the reasons stated below, the Court recommends that Freed's *in forma pauperis* application, (ECF No. 1), and motion for appointment of counsel, (ECF No. 1-2), be denied as moot, and his complaint (ECF No. 1-1), be dismissed without prejudice and without leave to amend.

I.      *IN FORMA PAUPERIS* APPLICATION

        A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

        Pursuant to the LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made

---

[1]      This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1    on the form provided by the court and must include a financial affidavit disclosing the

2    applicant's income, assets, expenses, and liabilities."

3        "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with

4    some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th

5    Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely

6    destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*,

7    335 U.S. 331, 339 (1948).

8        A review of the application to proceed IFP reveals Freed cannot pay the filing fee,

9    however, because the Court recommends dismissal of this action, the Court recommends

10    that Freed not be assessed the filing fee and the motion be denied as moot. (ECF No. 1.)

11    **II.    SCREENING STANDARD**

12        Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A

13    provides, in relevant part, that "the court shall dismiss the case at any time if the court

14    determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a

15    claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant

16    who is immune from such relief."  28 U.S.C. § 1915A(b). A complaint is frivolous when

17    "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

18    (1989). This includes claims based on legal conclusions that are untenable (e.g., claims

19    against defendants who are immune from suit or claims of infringement of a legal interest

20    which clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

21    delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th

22    Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same

23    standard applied in the context of a motion to dismiss under Federal Rule of Civil

24    Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which

25    requires dismissal where the complaint fails to "state a claim for relief that is plausible on

26    its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

27        The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom

28    Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must

2

1    accept as true all well-pled factual allegations, set aside legal conclusions, and verify

2    that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S.

3    662, 679 (2009). The complaint need not contain detailed factual allegations, but must

4    offer more than "a formulaic recitation of the elements of a cause of action" and "raise a

5    right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is

6    taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies

7    to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

8    Still, a liberal construction may not be used to supply an essential element of the claim

9    not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is

10   appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice

11   of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v.*

12   *United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

13   **III.    SCREENING OF COMPLAINT**

14        In his complaint, Freed sues Defendants City of Elko Police Officers Jacob

15   Ballensky, Bart Ortiz, and Ty Trouten (collectively referred to as "Defendants") under 42

16   U.S.C. § 1983. (*See* ECF No. 1-1.) Freed's complaint asserts various constitutional

17   violations based on an arrest and subsequent state criminal case, including allegations

18   of unreasonable search and seizure, and due process violations. (*Id.* at 2-6.) Freed seeks

19   injunctive relief and monetary damages. (*Id.* at 7.)

20        42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority

21   to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d

22   1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir.

23   2000)). The statute "provides a federal cause of action against any person who, acting

24   under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526

25   U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive

26   provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418,

27   1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation

28   of a federally-protected right by (2) a person or official who acts under the color of state

1    law. *Anderson*, 451 F.3d at 1067.

2        However, § 1983 is not a backdoor through which a federal court may overturn a

3    state court conviction or award relief related to the fact or duration of a sentence. Section

4    1983 and "the federal habeas corpus statute . . . both provide access to the federal courts

5    'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they

6    different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir.

7    2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take

8    care to prevent prisoners from relying on § 1983 to subvert the differing procedural

9    requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at

10   486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner

11   challenges the legality or duration of his custody, raises a constitutional challenge which

12   could entitle him to an earlier release, or seeks damages for purported deficiencies in his

13   state court criminal case, which effected a conviction or lengthier sentence, his sole

14   federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997);

15   *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v.

16   Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where

17   "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

18   or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate

19   that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

20       It appears that Freed is challenging the constitutionality of his state court criminal

21   conviction. Consequently, he must demonstrate that his conviction has been overturned

22   to proceed in an action under § 1983. As he has not done so, his sole relief is a *habeas

23   corpus* action.

24       For these reasons, the Court recommends that the complaint be dismissed

25   without prejudice and without leave to amend. Additionally, because the Court

26   recommends dismissal of this action, it also recommends that Freed's motion for

27   appointment of counsel, (ECF No. 1-2), be denied as moot.

28   ///

4

**IV.    CONCLUSION**

For good cause appearing and for the reasons stated above, the Court recommends that Freed's application to proceed *in forma pauperis*, (ECF No. 1), and motion for appointment of counsel, (ECF No. 1-2), be denied as moot, and his complaint, (ECF No. 1-1), be dismissed without prejudice and without leave to amend.

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.     RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Freed's application to proceed *in forma pauperis*, (ECF No. 1), be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1).

**IT IS FURTHER RECOMMENDED** that Freed's complaint, (ECF No. 1-1), be **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER RECOMMENDED** that Freed's motion for appointment of counsel, (ECF No. 1-2), be **DENIED AS MOOT**.

**DATED**: August 30, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**