UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAWN FREED, | Case No. 3:23-cv-00417-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| JACOB BOLLENSKY, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Shawn Freed, who is incarcerated at Northern Nevada Correctional Center, brings this action against Defendants Jacob Ballensky,[1] Bart Ortiz, Ty Trouten, and the City of Elko under 42 U.S.C. § 1983. Before the Court is United States Magistrate Judge Carla Baldwin's Report and Recommendation (ECF No. 3 ("R&R")), recommending that the Court dismiss Freed's Complaint (ECF No. 1-1) with leave to amend. Freed timely filed an objection (ECF No. 4 ("Objection")) to the R&R. Given Freed's clarification that he is not challenging the constitutionality of his incarceration, the Court rejects the R&R.

I.   **BACKGROUND**[2]

On May 6, 2022, City of Elko Police Officer Jacob Ballensky arrested Shawn Freed at gun point for driving without a valid license. (ECF No. 1-1 at 2-3.) Before arresting Freed, Ballensky did not verify the status of Freed's driver's license through dispatch, nor did he attempt to verify this with Freed. (*Id.* at 2, 12.) Running the license plate would not

---

[1]As indicated in the transcripts attached in Freed's Complaint, Defendant Ballensky's name is spelled incorrectly in the case caption and the body of the Complaint. (ECF No. 1-1 at 8.)

[2]The facts in this section are adapted from Freed's Complaint and Objection. (ECF Nos. 1-1, 3.) The Court has omitted any legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1   have revealed information about the status of his license because the vehicle was insured

2   and registered to a driver with a valid license. (*Id.* at 3-4.)

3        During the arrest, City of Elko Police Officer Bart Ortiz searched Freed's vehicle.

4   (*Id.* at 2-3.) The search uncovered narcotics. (*Id.* at 10.) Freed was then charged with one

5   count of possession of a Schedule I or II controlled substance. (*Id.* at 8.) Officers

6   Ballensky and Ortiz testified at Freed's preliminary hearing. (*Id.* at 2, 5, 8.) In his sworn

7   testimony, Officer Ortiz made statements about how and where he had obtained evidence

8   that were unsupported by body camera footage and inconsistent with testimony from

9   Freed's preliminary hearing. (*Id.* at 5.)

10       The Elko City Police Department and Elko City Police Chief Ty Trouten did not

11  discipline Officers Ballensky or Ortiz for their actions. (*Id.* at 6.) The police department

12  also did not provide training on the constitutionality of Officers Ballensky's and Ortiz's

13  actions. (*Id.*)

14       Freed filed this 42 U.S.C. § 1983 suit asserting Fourth, Fifth, and Fourteenth

15  Amendment claims against Defendants for the excessive use of force during his arrest,

16  arresting him without first verifying his identity, perjury, and having a department-wide

17  policy of inaction regarding these and similar infractions. (*Id.* at 2-6.) Freed seeks

18  injunctive relief and monetary damages. (*Id.* at 7.)

19  **II.   DISCUSSION**

20       This Court "may accept, reject, or modify, in whole or in part, the findings or

21  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

22  timely objects to a magistrate judge's report and recommendation, the Court is required

23  to "make a de novo determination of those portions of the [report and recommendation]

24  to which objection is made." *Id.* The Court's review is thus de novo because Freed timely

25  filed his Objection. (ECF No. 4.)

26       Freed objects to Judge Baldwin's recommendation that the Court dismiss the

27  Complaint with leave to amend because his claims could render his conviction invalid.

28  (ECF Nos. 3 at 4, 4 at 1-2.) Freed clarified that he is currently serving time for a different

conviction in a separate matter, and he attached to his Objection a state court order dismissing with prejudice the charge arising from the interactions at issue here. (ECF No. 4 at 2-5.) Freed thus is not challenging the fact or the duration of his confinement but rather seeks remedies for alleged constitutional violations which in no way could "demonstrate the invalidity of [his] conviction." *Cf. Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994). Accordingly, the Court rejects Judge Baldwin's recommendation to dismiss Freed's complaint with leave to amend.

III.   **CONCLUSION**

It is therefore ordered that Plaintiff's objection (ECF No. 4) to Judge Baldwin's Report and Recommendation (ECF No. 3) is sustained.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is rejected.

It is further ordered that Plaintiff's complaint (ECF No. 1-1), application to proceed in forma pauperis (ECF No. 1), and motion for the appointment of counsel (ECF No. 1-2) will proceed to screening.

The Clerk of Court is directed to correct the spelling of Defendant Ballensky's name on the docket.

DATED THIS 23rd Day of October 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE