UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAWN FREED, | Case No. 3:23-CV-00417-MMD-CLB |
| Plaintiff, | REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1] |
| v. | |
| JACOB BALLENSKY, *et al.*, | |
| Defendants. | |

This case involves a civil rights action filed by Plaintiff Shawn Freed ("Freed") against Defendants Jacob Ballensky, Bart Ortiz, Ty Trouten, and the City of Elko (collectively referred to as "Defendants"). Before the Court is Freed's failure to comply with Local Rule ("LR") IA 3-1 requiring him to change his address.

On October 24, 2023, the Court issued an order setting the deadline for Freed to file an amended complaint on or before November 27, 2023. (ECF No. 6.) The Court mailed this document to Plaintiff's address at the Northern Nevada Correctional Center ("NNCC"). On October 26, 2023, NNCC returned this document as "undeliverable," stating that Freed was paroled on October 25, 2023, and was unable to pick up the document before he left. (ECF Nos. 7, 8.) Thereafter, the Court issued an order requiring Freed to update his address by November 29, 2023, pursuant to Local Rule IA 3-1. (ECF No. 9). Freed was cautioned that his failure to do so would result in a dismissal of this action. (*Id.*) LR IA 3-1 provides that the failure to "immediately file with the Court written notification of any change of address . . . may result in dismissal of the action . . . ." To date, Freed has neither filed a notice of change of address nor an amended complaint.

Prior to dismissal for failure to follow local rules, the court must consider "(1) the

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). This litigation cannot proceed or be decided on the merits if the Court and Defendants cannot contact Freed, nor should the Court or Defendants be required to continue to try to resolve the case without the Freed's participation. All five factors clearly favor dismissal of this case.

Based on the foregoing and for good cause appearing, the Court recommends that this case be dismissed based upon Freed's failure to notify the Court of his change of address pursuant to LR IA 3-1.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that this action be **DISMISSED** for Freed's failure to comply with LR IA 3-1.

DATED: December 4, 2023.

_____
UNITED STATES MAGISTRATE JUDGE